[Crim. No. 420.   Third Appellate District.—January 21, 1918.]

## THE PEOPLE, Respondent, v. GEORGE TANNER et al., Appellants.

CRIMINAL LAW—ROBBERY—EVIDENCE—REQUEST TO JOIN I. W. W.—In a prosecution for robbery, the admission of evidence that defendants locked the complaining witness in a room, requested him to join the organization known as the Industrial Workers of the World, and then ordered him to deliver over his money, was not prejudicial in so far as the testimony as to the organization was concerned, as the same showed a motive for the crime after refusal to join the organization.

ID.—REFERENCE TO I. W. W.—INSTRUCTION—LACK OF PREJUDICE.—In a prosecution for robbery, no prejudice was suffered by defendants from the admission of evidence concerning the connection of the defendants with the organization known as the Industrial Workers of the World, and their attempt to force the complaining witness to join such organization, where the court instructed the jury to disregard all testimony not pertinent, and particularly concerning such organization.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial. Denver Sevier, Judge.

The facts are stated in the opinion of the court.

Metzler & Mitchell, for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendants were informed against by the district attorney of the county of Humboldt for the crime of robbery committed upon one James McMurray. They were thereupon duly tried and convicted of the crime charged. Defendants moved for a new trial, which motion was denied, and they were thereupon sentenced to imprisonment in the state prison, the judgment fixing an indeterminate sentence. Defendants prosecute this appeal from the judgment and order, alleging for reversal that the court erred in its rulings on the admissibility of evidence, that the district attorney was guilty of misconduct, and that the verdict was against the law and the evidence.

Briefly the facts disclose that soon after James McMurray had met the defendants and convivialized with them, he was invited to their room in a hotel; that upon entering the room defendants locked the door; that after a few drinks defendants, exhibiting certain I. W. W. blanks and documents, requested McMurray to join the I. W. W.; that upon his refusal one of the defendants assailed him with a small table that stood in the room, and then ordered him to deliver over his money. McMurray was forced to undress and get into bed and his clothes were searched. Upon arising in the morning McMurray found defendants to have left. He then reported the matter to the police, who found upon defendants when arrested money in denominations possessed by the prosecuting witness the night before.

Appellants' complaint is particularly and solely aimed at the admission of the evidence that defendants in the room requested McMurray to join the I. W. W.; to the admission of certain papers of defendants bearing the I. W. W. title and to the remarks of the district attorney characterizing defendants as members of that organization. The gist of all defendants' objections is the reference to the I. W. W.

Respondent seeks to support the admission of this evidence as a part of the *res gestae*. Whatever the meaning of that phrase, it is at once apparent that the exclusionary hearsay rule has no application here. The truth or falsity of defendants' membership in the I. W. W. is, as is at once obvious, irrelevant to the charge of robbery. It is probable, however, and the remarks of the district attorney seem to so indicate, that the prosecution's theory was that McMurray's refusal to join the organization of Industrial Workers furnished a

motive, at least in part, for the treatment he subsequently and immediately received. We can readily understand how the evidence could be offered and received for such purpose, and the ruling of the court was undoubtedly correct.

As to the question of membership in said organization and the district attorney's reference thereto, it is clear that defendants suffered no prejudice in view of the following instructions given at defendants' request: "You are instructed to disregard all testimony given, other than that pertinent to the crime as alleged in the information; the fact that some evidence has been introduced which would tend to show that the defendants had some literature of the I. W. W.'s [Industrial Workers of the World] upon them or in their possession must have no weight in determining the guilt or innocence of the defendants of the crime of robbery, and you are not permitted to take any evidence which does not pertain to the crime as alleged in the information into consideration in rendering your verdict. You are instructed that the defendants are on trial for the commission of the crime as charged in the information; and in reaching a verdict, you are not to take into consideration any insinuations that may have been made, during the trial, that the defendants are or were members of any disreputable organization, or any organization at all. Neither are you to consider the presence of any literature found in the possession of the defendants as a circumstance tending to prove that they are guilty of the crime as charged in the information." The jurors were carefully examined by defendants, who exercised many peremptory challenges, to the end, unquestionably, that they might obtain a jury with whose intelligence, common sense, and impartiality they were satisfied. And we must assume that the jury thus carefully selected were men of at least average intelligence and understanding, and fully capable of appreciating and following the instructions given them. We cannot hold otherwise than that they followed the instructions in question and put from their minds any influence that may have been occasioned by reference to the Industrial Workers of the World. So viewing the case it is difficult to see how defendants suffered the prejudice complained of.

What is said above disposes also of the question of the district attorney's misconduct in referring to the organization

of the I. W. W.   It thus becomes unnecessary to descant further upon that point.

The evidence was sufficient to justify the verdict.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.